### THOMAS BARRETT *v.* HIS CREDITORS.

To annul a mortgage on the ground that it was executed *in tiempo inhabil,* and intended to secure to the mortgagee an illegal preference over the other creditors, it is not enough that the fact of insolvency be shown; knowledge of it must be brought home to the mortgagee. C. C. 1973, 1979, 1980. And the action to annul must be brought within one year from the date of the mortgage. Ib. 1982.

APPEAL from the Parish Court of New Orleans, *Maurian,* J.

*L. Janin,* for the syndics.

*F. B. Conrad,* for the appellants.

MORPHY, J. The Planters and Merchants Bank of Mobile, are appellants from a judgment overruling their opposition to a pro·visional tableau of distribution, filed in this case. They had opposed a claim of the New Orleans Gas Light and Banking Company as mortgage creditors, on the ground that their mortgage was executed at a time when Thomas Barrett, their debtor, was notoriously, and to their knowledge, insolvent; and that the mortgage was given to secure to them an unjust and illegal preference over the other creditors, and was therefore null and void. The mortgage sought to be avoided, was executed on the 12th of October, 1837. This case turns on a mere question of fact, to wit, whether at the time the mortgage was taken, the mortgagees knew that Thomas Barrett, their debtor, was unable to pay all his debts. The evidence adduced on this head has satisfied us, as it did the court below, that although Thomas Barrett had been under protest for some months previous to the time this mortgage was given

to the appellees, he believed himself, and was generally considered as perfectly solvent, up to the year 1839 ; that his property, at a fair valuation at the date of the mortgage, appeared greatly to exceed the amount of his debts, although since, by the unprecedented depreciation of property of every kind, he has actually become insolvent. Nothing shows that the appellees then knew, or believed, that their debtor was unable to pay all his debts, and sought to procure to themselves an unwarrantable advantage over the rest of his creditors. It is not enough that the fact of insolvency be shown ; knowledge of it must be brought home to the creditor who has obtained the mortgage, or preference attempted to be avoided. Civil Code, arts. 1973, 1979, 1980. 4 La. 250.

But there is another ground upon which the appellees might have safely rested their case under proper pleadings. It is furnished by article 1982 of the Civil Code, which declares, that "no contract made between the debtor and one of his creditors for the purpose of securing a just debt, shall be set aside, &c. although the debtor were insolvent to the knowledge of the creditor with whom he contracted, and although the other creditors are injured thereby, if such contract were made more than one year before bringing the suit to avoid it, and if it contain no other cause of nullity than the preference given to one creditor over another."

No attempt to set aside this mortgage, on the grounds assumed in the appellant's opposition, was ever made before the 10th of April, 1841, when the opposition was filed. 3 La. 28.