### GEORGE R. BEARD *v.* SIMON AND RENAUD.

*Reasons upon which judgments are founded, should, whenever it is practicable, be in writing. Fraud must be alleged and strictly proved, as also partnership.*

APPEAL from the Sixth District Court of New Orleans, *Leaumont, J. L. Castera,* for defendant.

*John Henderson, Jr., for plaintiff and appellant.*—This is an appeal by Beard from a final judgment in favor of Renaud, in a revocatory action to set aside a transfer of a bakery from one Simon, the debtor of Beard to Renaud, for fraud and simulation. Pursuant to C. C., Article 1970, Simon, as debtor, was made a party to the revocatory action of Beard, against Renaud, in the original Court, but before this Court only Renaud is a party appellee to this appeal. In this action the onus probandi is on Beard to establish fraud and simulation. 17 L. R. 353; 9 Rob. 272; 10 An. 691.

But as soon as Beard proved that Simon remained in possession of the bakery, after the date of the pretended sale from Simon to Renaud, the law raised the legal presumption of fraud and simulation in the transfer, and threw the burden on Renaud and Simon to prove the verity of the sale and good faith of both Simon and Renaud. C. C. Articles 2456, 1915, 1917.

That the transfer was simulated, vide 8 N. S. 267; 7 An. 91, 125; 11 Rob. 196; 9 Rob. 273; 6 An. 815; 10 An. 100, 691; 11 An. 758; 13 An. 597; 12 Rob. 98.

Declarations of vendor and vendee before, at and since alleged sale, admissible to prove fraud and simulation in transfer. 8 N. S. 267; 13 An. 597, and cases cited above.

Simulation as well as fraud may be shown by presumptive evidence, and so of all the circumstances which have a tendency to show that the sale was not bona fide, and that no real consideration passed to and was retained by the vendor, such as the relative condition and circumstances of the parties, their means and revenues, their subsequent conduct, the influence of one over the other, the fact that the price was nominal, and generally such matters of fact as conduce to establish the plaintiff's allegation of simulation and indirect advantage. 13 An. 208.

It is a recognized principle, that the onus probandi is upon the party who has to free himself from liability by the proof of a fact, the knowledge of which must be supposed to be more within his power than that of his adversary. 13 An. 397, 398.

We prefer to examine the evidence on the point of fraud and simulation, on the argument of the case, orally, and then apply the law to the facts and the facts to the law, as the exigency of the case may require.

The judgment is unconstitutional, as no reasons therefor are assigned as required by the Constitution; therefore the judgment must be reversed, and this Court must pronounce such judgment as the original Court

should have rendered upon the law and the evidence. 11 An. 94, (*P. Gallot* v. *J. McCluskey, et al.*, decided by this Court Monday, 19th March, 1864.)

Appellant prays reversal of judgment, and one in his favor, setting aside the notarial act of transfer from Simon to Renaud, and ordering Renaud to deliver up the property therein enumerated to the Sheriff to satisfy appellant's demand against Simon.    C. C. Article 1972.

ILSLEY, J. .The plaintiff in this case seeks to recover from both the defendants, as commercial partners, in solido, the sum of eleven hundred and seventy-six dollars and fifty-eight cents, being the amount of a promissory note drawn by Simon for $636 18, and a debt contracted to him in the name of Simon, for the balance; or, in the alternative, if he failed to prove a partnership, then he asks for a judgment against Simon for the whole amount, and that the sale of a certain bakery establishment made by Simon to Renaud be set aside on account of fraud and simulation, and that the said establishment be held liable to seizure and sale to satisfy his said claim.

The defendant, Simon, made no defence; but, Renaud, in his answer, pleaded a general denial, and specially denied the existence of any partnership between him and Simon, or that he did ever assume the payment of the debt of the latter, averring that he had purchased the bakery in good faith for a valuable consideration, he having resources of his own to make such purchase, and, finally, he denied the charge of fraud brought against him.

There was a judgment in the lower Court in favor of the plaintiff, and against the defendant, Simon, for the whole amount claimed; and also a judgment in favor of the defendant, Renaud, and from this last judgment the plaintiff has appealed.

It is contended by the appellant, that the judgment of the lower Court should be reversed, because no reasons are assigned in support of it; and we are referred to the cases of *The Police Jury of West Baton Rouge* v. *Bowman*, 11 A. 164, and *Gallott* v. *McCluskey*, lately decided; in neither of which were any reasons at all adduced for the judgment therein rendered. Whilst in this one, reasons were given orally in open Court, in support of the judgment.

Reasons upon which judgments are founded should, whenever it is practicable, be in writing; but we are not prepared to say that the mode resorted to in this instance, does not suffice to conform to the Constitutional requirement.

On the merits: It is conceded by the plaintiff that no partnership between the defendants was proved; and it is not alleged nor proved, that the defendant, Simon, when he executed the act of sale to Renaud was, (to the knowledge of Renaud) in insolvent circumstances. *Baudue* v. *His Creditors*, 4 La. 247; 4 Rob. 408, 438.

Nor does the evidence, properly weighed, prove the contract attacked to have been simulated or fraudulent.

The onus to prove the vices alleged was on the plaintiff, and he has not established the charge.

The judgment of the lower Court must be affirmed; and it is therefore ordered, adjudged and decreed that the judgment of the lower Court be affirmed, at the costs of the appellant.