Statement of the Case.
MONROE, C. J’.
Relator alleges that he was charged, in the district court for the parish of La Salle, with having cut down, made into staves, and carried away, 68 oak trees, growing upon the lands of the Tensas Delta Land Company; that he moved to recuse the presiding judge, on the grounds that he was interested and prejudiced to the extent that he would be unable to try the case fairly and impartially, in that he was under great personal obligation to the representative of the Tensas Delta Land Company, that he had conceived a strong dislike for relator, who had supported an opposing candidate for the judgeship, and that he had developed a prejudice against all persons charged with crime, and, in nonjury cases, convicted them, unless they could prove their innocence; that the motion to recuse was referred to Judge Moss of the adjoining district; that, upon the hearing thereof, every lawyer at the local bar swore that he did not believe that relator could secure a fair and impartial trial before the presiding judge; that the special judge declined to compel the attendance of lawyers in other parishes; that the testimony adduced on behalf of plaintiff in motion was rebutted by the testimony of the district attorney, his law partner, who has been at the bat one year, and the Louisiana representative of the Tensas Delta Land Company,those witnesses testifying that they believed that the presiding judge was capable of giving relator a fair trial; -and that the special judge held that the proof preponderated in favor of the defendant in the motion; and overruled the same.
Relator further alleges that, before the ruling so made had become final, by the signing of any decree, the ease against him was called for .trial before the presiding judge, and that he objected to going to trial, on that ground, which objection was overruled. He further alleges that the only evidence offered in support of the charge against him was that he had hauled away from the land of the' Tensas Delta Land Company “several cross-ties,”, to which evidence he objected; *462 that he was found guilty, and applied for a new trial, which was refused, though the state’s attorney admitted that no evidence had been offered to show that he had cut any timber, made any staves, or hauled away any staves; that he then moved in arrest of judgment, on the ground that (for the reasons stated) the judge was incompetent to hear and determine the ease; and that the mption was overruled; whereupon he gave notice that he would apply to this court for relief. He alleges that he has no remedy by appeal, and prays for writs of certiorari and prohibition, and that his conviction be set aside, etc.
It appears from the transcript, which has been forwarded by the respondent, as part of his return, that the motion to "recuse was heard by the special judge on December 13, 1913; that, for the purposes of that hearing, all cases styled “State of Louisiana v. R. E. Gainey et al., cutting timber on lands of another, No. 416,” were cumulated; that counsel for defendant asked for an attachment for one witness, objected to going to trial until the return of a subpoena for another, moved for a continuance on account of the absence of witnesses; and that they reserved bills to the adverse rulings upon those several requests and objections. There is, however, nothing to show that they were entitled to rulings of a more favorable character. The minutes of the court contain the recital (and signature):
“Evidence and argument heard; motion taken up, tried and overruled; motion for new trial was filed; motions taken up, tried and overruled, and bill reserved by defendants; and that writs of certiorari and prohibition would be applied for to Supreme Court of Louisiana.
“[Signed] Cass Moss, Special Judge.”
No application was made to this court, however, and nothing further was done in the district court until April 13, 1914, when the case against the relator and those similarly situated appears to have been again called for trial; and thereupon it was objected that the motion to recuse had not been finally decided, as no judgment overruling same had been read or signed. The objection having been overruled, and the state having decided to proceed with the trial of the relator, his case was taken up and tried, and he was convicted, and thereafter (on April 21st) a motion in arrest of judgment was overruled, and he was duly sentenced. There appear to have been two bills of exception reserved upon the trial thus mentioned, to wit:
Bill No. 1, containing the recital that, upon the motion to recuse the trial judge:
“George Wear, Jr.; F. E. Jones; T. W. Perrin; C. W. Flowers and Davis Flowers, all attorneys residing and practicing at the local bar, testified that they did not believe that the ex-ceptor could get a fair and impartial trial before the presiding judge; * * * that this evidence was rebutted by the testimony of S. L. Richey, district attorney, his law partner, J. C. Harper, and Henry Bernstein, attorney for the Tensas Delta Land Company; and that, on this evidence, the Honorable Cass Moss held that the motion should be overruled” ; but that his judgment had not become final, etc.
In the statement per curiam, attached to the bill (and which is intended, in part, as a return to the application now under consideration), the trial judge says that he'considered that the motion to recuse was filed for purposes of delay, and that its reference to another judge necessitated a continuance of the case; that when, on December 13, 1913, it was overruled, counsel for’the defendant gave notice of their intention to apply to this court for relief; but that, nothing further having been heard of such application, it was concluded that the intention to make it had been abandoned; that a note of the evidence had been taken, by an inexperienced stenographer, which was not transcribed, because not called for; and that the stenographer now says that the notes have been misplaced; that the statement that A. D. Flowers testified in support of the motion to recuse is untrue ; and further as follows:
*464 “The only witnesses who testified in support of the motion were T. W. Perrin, George Wear, Jr., F. E. Jones, and C. W. Flowers, all of whom had filed motions to recuse the judge, except G. W. Flowers, who had very few cases before this court and has never practiced before any other court. Counsel for defense also failed to state that S. R. Holstein, an attorney at law from Harrisonburg, who has practiced before this court a great deal, was sworn as a witness in defense of the motion, and stated that he had practiced before five different judges in the past twelve years, and that he found myself to be the most impartial or as fair and lenient towards accused persons of any of the five. J. H. Bradford, clerk of court, was also sworn in defense of the motion, and testified as to the fairness and impartiality of the judge. There was no evidence whatsoever offered in support of the allegation that the court was interested in the outcome of the prosecution. The accused parties were entire strangers to the court, and as to how they voted I did not know, nor neither did I care. * * * The minute entries of December 13, 1913, show that the motion was taken up, tried, and overruled, which minute entries are signed by the special judge who tried the motions.”
A further return was made by the judge (to an ancillary writ that was issued herein for the obtention of the testimony), to which there is attached an affidavit by the stenographer, who says:
“I am not the court stenographer, but I took down the evidence on the trial of the motion to recuse. * * * I did this at the reguest of George Wear, Jr., the attorney of Cruse and Gainey. * * * After taking the notes, I took them over to my house and laid them on the table. Mr. Wear said nothing to me about transcribing them nor anything about them. They have become displaced or lost, and I have not been able to find them since, after making a thorough search for the same. I looked for those notes about the 15th of February, 1914, and was unable to find them. The district attorney, S. L. Richey, requested me to look for those notes, and find them, if possible, about a week ago. I did so, and was unable to find them. Affiant further states that this was the first work of this kind he had ever undertaken, and told Mr. Wear, at the time, that he didn’t think that he could (do it), but would do the best he could; and he is satisfied that he did not take down the evidence of the witnesses accurately, and all that they said or might have said.”
Bill No. 2 contains the recital that the only testimony offered in support of the charge of cutting down, making into staves, and carrying away, etc., as contained in the information, was such as showed that relator had hauled from the land in question a number of cross-ties, to Which it was objected that it was irrelevant to the charge. The bill further recites that it was admitted, by the prosecution, on the hearing of the motion for new trial, that no other testimony than as stated had been adduced.
The statement per. curiam reads as follows:
“No objection was made to the introduction of testimony tending to show that the timber was made into cross-ties; the question having been raised for the first time on the motion for new trial. The court held that it was the cutting and removing of the timber which constituted the crime, and not the way it was manufactured. The indictment charged that 68 trees were cut down, made into staves, and hauled away, and the proof showed that 68 trees were cut down and hauled away from the land described in the indictment. The defendant Gainey admitted that he had the timber cut and hauled away; his defense being that he did it through mistake,”
Opinion.
[1,2] 1. We are of opinion .that the judgment overruling the motion to recuse was interlocutory, and, though an appeal lies in such case, where irreparable injury results, the law does not require that the judgment be signed. It is sufficient that it be entered upon the minutes. C. P. arts. 544, 546, 777; Van Winckle v. Flecheaux, 12 La. 150; Kraeutler et al. v. Bank, 11 Rob. 163; Fox v. Tis, Executor, 1 La. Ann. 334; State v. Judge, 12 La. Ann. 455; State ex rel. Rosier v. Judge, 50 La. Ann. 21, 22 South. 928; State v. James, 106 La. 462, 31 South. 44. Conceding, arguendo, that it might be reviewed in this proceeding, it is not here alleged, save inferentially, that it was erroneous, nor is there any prayer that it be reviewed or reversed.
[3] 2. The recital in the bill No. 2, to the effect that the only testimony in support of the charge against relator was that he had hauled away cross-ties is controlled by the *466 statement of the judge that it was shown, and admitted, that he had cut timber upon the land designated and had hauled it away, and we concur in the view that it was immaterial in what form it was hauled away, or, in fact, whether it was hauled away at all, since the law (R. S. § 817) declares that:
“Whoever shall cut, pull down, burn, destroy, or carry away any tree, wood or timber, growing or lying on the land of another, or cause the same to be done, without the consent.of the owner or legal possessor, on conviction, shall pay a fine,” etc.
It is therefore ordered that this proceeding be, now, dismissed, at the cost of the relator.