LANDRY, Judge.
Plaintiff, Sidney Printing and Publishing Company, d/b/a Coin World (Coin World), has taken this devolutive appeal from the judgment of the trial court casting appellant in damages for wrongful seizure of the property of a third party, Cecil O. Lorio, pursuant to writ of fieri facias obtained by appellant to satisfy a money decree against appellant’s judgment debtor, W. S. Foshee, d/b/a Audubon Coin and Stamp Company (Foshee). Third party in-tervenor, Lorio, has answered plaintiff’s appeal praying for an increase in the award allotted for the wrongful seizure of his property. Examination of the record discloses appellant has failed to timely take its appeal and we therefore dismiss the appeal and answer thereto ex proprio motu.
The record reveals that on December 21, 1965, default judgment was rendered against Foshee in favor of plaintiff. Thereafter, on January 3, 1966, plaintiff caused a writ of fieri facias to issue to the Constable of the City of Baton Rouge directing said officer to seize properties located on the business premises of Foshee to satisfy plaintiff’s claim.
On January 17, 1966, Cecil O. Lorio intervened herein claiming that certain coins seized on Foshee’s premises were, in truth and in fact, the property of intervenor placed with Foshee on consignment pursuant to prior agreement between defendant and intervenor. Upon said intervenor’s petition a writ of preliminary injunction issued restraining the sale of the assets claimed by intervenor pending a decision on the question of ownership of the disputed goods. After a hearing on the merits, on June 2, 1966, judgment was rendered below in favor of intervenor recognizing interven- or’s ownership of several coins which plaintiff had caused to be seized. This judgment, which also ordered the return of the coins in question to intervenor, was not appealed by plaintiff.
Intervenor’s claim for damages for wrongful seizure was taken under advisement by the trial court and ultimately, on September 21, 1966, judgment was rendered in favor of intervenor and against plaintiff in the sum of $500.00. Intervenor’s claim for attorney’s fees was rejected.
On September 26, 1966, plaintiff applied for a new trial on the judgment awarding intervenor damages. A hearing on said application was held November 4, 1966, following which appellant’s motion for new trial was denied by judgment rendered November 30, 1966, pursuant to a minute entry to said effect recorded that same date. On December 2, 1966, the court mailed notice of its denial of plaintiff’s motion for new trial to counsel for plaintiff and Intervenor alike. Thereafter, on December 7, 1966, the trial court signed a judgment denying plaintiff’s motion for new trial.
The order for the instant devolutive appeal was granted December 15, 1966, and the requisite bond posted the following day. Intervenor answered the appeal requesting that the award be increased to $1,000.00 and that he also be allotted attorney’s fees for dissolution of the wrongful seizure of his property.
Formerly the time for taking a suspensive or devolutive appeal from a judgment of the City Court of Baton Rouge was the same as *628 provided for appeal from the District Courts of East Baton Rouge Parish. See former LSA-R.S. 13:2077. However, LSA-R.S. 13:2077 was specifically repealed by Act 32 of 1960, Section 3. Presently the time for appealing judgments of the City Court of Baton Rouge is governed by LSA-C.C.P. Article 5002, as amended by Act 36 of 1966, pursuant to which such an appeal, either devolutive or suspensive, must be taken within ten days of expiration of the delays for applying for a new trial, or within ten days of the denial of a new trial.
In the instant matter appellant’s motion for new trial was denied by judgment rendered and entered on the minutes of the trial court on November 30, 1966. Since appellant did not secure an order of appeal until December 15, 1966, it is patent on the face of the record the instant appeal was not taken within the ten day delay stipulated in LSA-C.C.P. Article 5002, as amended by Act 36 of 1966. Having failed to seasonally take his appeal, plaintiff has forfeited his right thereto. Marsiglia, Inc. v. Inbau, La. App., 175 So.2d 3.
•Nor can appellant find solace in the fact that judgment denying his application for new trial was not signed until December 7, 1966.
It has long been established that a judgment denying an application for new trial is but an interlocutory decree and therefore not one which has to be signed to be effective. State v. Gainey, 135 La. 459, 65 So. 609; Simon v. Lumbermens Mutual Casualty Company, La.App., 138 So.2d 465. Since a judgment denying an application for a new trial is not one which must be signed to become operative, such an order is efficacious upon notation of its rendition in the minutes of the court. Under such circumstances the subsequent signing of a written judgment of dismissal of an application for new trial does not have the effect of extending the delay for taking an appeal. Simon v. Lumbermens Mutual Casualty Company, supra.
In instances of this nature the question is one of jurisdiction. The Supreme Court has specifically held that when the appeal is not timely taken or the bond not filed punctually, the appellate court is without jurisdiction over the appeal and may ex proprio motu recognize its lack of authority to entertain such an appeal. Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666.
This court being without jurisdiction in the instant case must perforce dismiss plaintiff’s appeal. There being no appeal before us, the answer thereto by intervenor must likewise fall.
Accordingly, the appeal taken herein by plaintiff Sidney Printing & Publishing Co. d/b/a Coin World, and the answer thereto by intervenor Cecil O. Lorio, are dismissed at the cost of plaintiff-appellant.
Appeal dismissed.