138 So.2d 465 (1962)
Percy L. SIMON
v.
LUMBERMENS MUTUAL CASUALTY COMPANY et al.
No. 542.
Court of Appeal of Louisiana, Third Circuit.
February 23, 1962.
Armentor & Resweber, by: A. J. Resweber, New Iberia, for plaintiff-appellant.
Landry, Watkins, Cousin & Bonin, by William O. Bonin, New Iberia, for defendant-appellee.
En Banc.
PER CURIAM.
This matter comes before the Court on a motion by defendant-appellee to dismiss a devolutive appeal taken by plaintiff-appellant from a judgment of the district court rejecting his demands and dismissing his suit.
The judgment of the district court was rendered, read and signed in open court on June 23, 1961. Appellant applied for a new trial and/or rehearing within the time prescribed by law. On September 5, 1961, the district judge denied the application for new trial and/or rehearing. On December 5, 1961, counsel for appellant applied for and was granted a devolutive appeal made returnable to this Court. Defendant-appellee then filed a motion to dismiss the appeal on the ground that the application for a devolutive appeal was too late for the reason that under Article 2087 of the LSA-Code of Civil Procedure an appeal which does not suspend the effect or execution of an appealable order or judgment may be taken, and the security therefor furnished, only within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
The parties to this suit admit that Sections (1) and (3) of LSA-C.C.P. Article 2087 are not applicable, and that the only applicable portion of said Article is Section (2).
Under the provisions of LSA-C.C.P. Articles 1911 through 1921, inclusive, dealing with "Rendition", judgments of court are to be signed at the time of the rendition or any time thereafter; therefore, the judgment of June 23, 1961, was a valid judgment *466 subject to the right of appellant to apply for a new trial and/or rehearing.
Under the provisions of LSA-C.C.P. Article 2087, plaintiff-appellant had ninety days from the refusal of the trial judge to grant plaintiff-appellant a new trial or rehearing to take an appeal.
Under the provisions of LSA-C.C.P. Article 5059, in computing a period of time allowed or prescribed by law or by order of court, the date of the act, event or default after which the period begins to run is not to be included. In this case, since the application for a new trial and/or rehearing was denied on September 5, 1961, the ninety-day period mentioned in LSA-C.C. P. Article 2087 started to run on September 6, 1961, in accordance with LSA-C.C.P. Article 5059.
The ninety-day period granted the plaintiff to apply for and perfect a devolutive appeal ended on December 4, 1961. Since he did not apply for a devolutive appeal until December 5, 1961, his application was not timely.
Plaintiff contends in his brief in opposition to the motion to dismiss the appeal, that his appeal is timely for the reason that counsel for defendant had a judgment of court dated September 6, 1961, signed by the judge confirming the action of the judge on September 5, 1961, denying the application for new trial and/or rehearing.
We are of the opinion that the delays for taking an appeal under the provisions of Article 2087 of the LSA-Code of Civil Procedure began to run on the day after the rehearing was denied in open court, which occurred on September 5, 1961. The minute entry on that date shows that the trial court denied the application for a new trial and/or rehearing after hearing arguments of counsel.
There is no requirement that the trial court's denial of an application for a new trial be made in writing. The refusal to grant a new trial is classified as an interlocutory order or judgment, see LSA-C. C.P. Article 1914. While final judgments must be in writing and signed, it has long been settled that there is no requirement that interlocutory judgments be signed, and that it is sufficient merely that they be entered in the minutes. State v. Gainey, 135 La. 459, 65 So. 609; see also LSA-C.C.P. Articles 1911, 1914. Since the denial of the rehearing was effective as of the minute entry to such effect, the later signing of a formal decree on September 6, 1961, therefore, did not have the effect of extending the time for taking an appeal.
For the reasons assigned, the appeal is dismissed.
Appeal dismissed.