TATE, Judge.
By this motion to dismiss the appeal, the plaintiffs-appellees contend that the defendant-appellant did not timely perfect his devolutive appeal from adverse judgment. The plaintiffs-appellees contend that the appeal bond was not filed within ninety days of the court’s denial of a new trial, as required by law. LSA-C.C.P. Art. 2087.
The record shows that judgment awarding the plaintiffs damages against the defendant was signed on January 12, 1962. The defendant timely filed a motion for a new trial. A minute entry of January 29, 1962 notes: “Motion for new trial taken up and argued and was overruled. Court, reserved the right to file written reasons for overruling motion.” On February 6, 1962, the court filed its written reasons for having overruled the motion for a new trial.
On February 16, 1962, upon oral motion, the defendant was granted orders of sus-pensive and devolutive appeal, with the de-volutive appeal bond fixed at five hundred' dollars. A devolutive appeal bond in this amount was filed on May 4, 1962. (The-suspensive appeal bond, required in far-larger amount, was never filed, and, so-far as the record shows, the suspensive appeal was never perfected by the defendant-appellant.)
The substantial question in the decision, of this motion is whether the delay for-perfecting the appeal began to run from January 29th, the date the court orally overruled in open court the application fora new trial, or whether, on the contrary-(as the defendant-appellant seems to have-assumed), the delay began to run on February 6th, the date that written reasons were filed for having previously denied the new trial.
Pertinently to the present facts, LSA-C.C.P. Art. 2087 provides that a devolutive appeal “may be taken, and the security-therefor furnished, only within ninety days of: * * * (2) The court’s refusal to grant a timely motion for a new trial * (Italics ours.)
*759 The defendant-appellant perfected his appeal by filing his appeal bond (“the security therefor”) on May 4, 1962. Thus, the appeal bond was filed 87 days after the court rendered written reasons for denying a new trial (February 6), but the bond was not filed until 95 days after the court had formally refused in open court (January 29) to grant the new trial.
The motion to dismiss the appeal must be sustained. The devolutive appeal was not perfected timely, since the appeal bond was filed 95 days after the date of the court’s denial of a new trial, whereas under the quoted codal provision such appeal must he perfected within 90 days of such formal refusal to grant a new trial.
As we statéd in dismissing a devolutive appeal under very similar circumstances in Simon v. Lumbermens Mutual Cas. Co., La.App. 3 Cir., 138 So.2d 465, 466: “We are of the opinion that the delays for taking an appeal under the provisions of Article 2087 of the LSA-Code of Civil Procedure began to run on the day after the rehearing was denied in open court * * * There is no requirement that the trial court’s denial of an application for a new trial be made in writing. * * * Since the denial of the rehearing was effective as of the minute entry to such effect, the later signing of a formal decree * * *, therefore, -did not have the effect of extending the time for taking an appeal.” Such ruling is determinative of the issues presented by the motion to dismiss the present appeal.
For the reasons assigned, therefore, this .appeal is dismissed.
Appeal dismissed.