LANDRY, Judge.
Plaintiff herein has moved dismissal of the appeal taken by defendant from the judgment of the Family Court, East Baton Rouge Parish, granting plaintiff an absolute divorce. The grounds urged for dismissal are the alleged untimely taking of the appeal and failure to post an appeal bond. We find movant’s position well taken and dismiss the appeal.
*753 The facts are undisputed. Only issues of law are presented.
On February 12, 1969, judgment was rendered in the lower court and signed by that tribunal in open session on February 17, 1969. Appellant’s application for new trial was denied by judgment rendered in open court in the presence of appellant’s counsel on March 12, 1969. Subsequently, on March 17, 1969, an order denying a new trial was signed. On April 16, 1969, appellant moved for and was granted a sus-pensive appeal. As of the time of submission of this matter, no appeal bond has been filed.
Appellant concedes the delay for taking an appeal in a matter of this nature is 30 days. Appellant argues, however, the delay does not commence until an order denying a motion for new trial is signed when application for a new trial is timely made.
LSA-C.C.P. Article 3942 provides as follows :
“An appeal from a judgment granting or refusing an annulment of marriage, a separation from bed and board, or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(l)-(3).”
Also germane to the issue under consideration are the following provisions of LSA-C.C.P. Article 2087:
“Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefore furnished, within ninety days of:
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Ar-tide 1914.”
Appellant’s contention the delays for taking an appeal commence from the date of signing an order denying a motion for new trial when timely application is made for a new trial is without merit.
It is settled that a judgment denying an application for a new trial is an interlocutory decree which need not be signed to be effective. Sidney Printing & Publishing Co. v. Foshee, La.App., 205 So.2d 626.
Nor was notice of judgment required in the case at hand. LSA-C.C.P. Article 1914 delineates the circumstances in which notice of the signing of an interlocutory judgment is required. The instant case does not fall within the ambit of Article 1914, above. Since appellant was not entitled to notice of judgment denying her application for new trial, her appeal, to be timely taken, must have been entered within thirty days of the denial of her application for new trial. Sidney Printing & Publishing Co. v. Foshee, above; Midwestern Fire & Marine Ins. Co. v. Miller, La.App., 143 So.2d 757; Simon v. Lumbermens Mutual Casualty Co., La.App., 138 So.2d 465.
The controlling rule is set forth in Sidney Printing & Publishing Co. v. Foshee, above, as follows:
“It has long been established that a judgment denying an application for new trial is but an interlocutory decree and therefore not one which has to be signed to be effective. State v. Gainey, 135 La. 459, 65 So. 609; Simon v. Lumbermens Mutual Casualty Company, La.App., 138 So.2d 465. Since a judgment denying an application for a new trial is not one which must be signed to become operative, such an order is efficacious upon notation of its rendition in the minutes of the court. Under such circumstances the subsequent signing of a written judgment of dismissal of an application for new *754 trial does not have the effect of extending the delay for taking an appeal.”
Since the delay for appeal commenced herein on March 12, 1969, an appeal taken April 16, 1969, was not within the thirty day period applicable. The appeal must therefore be dismissed as the failure to timely appeal presents a fatal jurisdictional defect. LSA-C.C.P. Article 3942; Arnold v. Arnold, 217 La. 362, 46 So.2d 298; Dore v. Leblanc, La.App., 155 So.2d 236.
The appeal is likewise subject to dismissal for failure to post the appeal bond within thirty days of March 12, 1969. Such a defect is also jurisdictional and strikes at the heart of the appeal. LSA-C.C.P. Article 3942; Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666.
The motion to dismiss is granted and the appeal taken herein is dismissed at appellant’s cost.
Appeal dismissed.