LOTTINGER, Judge.
Judgment was rendered and oral reasons given in this matter after trial on October 23, 1968 and judgment was read and signed on November 7, 1968, dismissing plaintiff’s suit. A timely application for a new trial was filed which was overruled by judgment of the Lower Court, rendered and entered in the minutes on November 25, 1968. However, a formal judgment denying the motion for a new trial was not signed until February 20, 1969. The oral reasons rendered on October 23, 1968 were reduced to writing and signed on May 27, 1969.
Plaintiff-appellant entered a devolutive appeal which was filed of record on May 9, 1969 along with the devolutive appeal bond likewise filed on May 9, 1969.
This Court, ex proprio motu, examined the record in this case and feared that the motion for the appeal and the devolutive appeal bond were not filed within the time fixed by law and ordered the parties hereto to show cause, by briefs, why the appeal should or should not be dismissed.
Defendant-appellee rightly contends that the appeal herein was not timely and same should be dismissed.
Article 2087, as amended of the Louisiana Code of Civil Procedure provides:
“Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefore furnished, within ninety (90) days of:
(1) The expiration of the delay for applying for new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for new trial, if the applicant is entitled to such notice under Article 1914.
When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any other appellee, may take a devolutive appeal therefrom, and furnish the security therefor, within the delays allowed in the first paragraph of this article, or within ten (10) days of the granting of the first devolutive appeal in the case, whichever is later.”
Motion for a new trial was denied by order of court on November 25, 1968. The provisions of Article 1914 are not and were not applicable. The fact that a formal judgment was not prepared and signed until February 20, 1969 does not extend the time for entering and perfecting a devolutive appeal. In the case of Simon v. Lumbermens Mutual Casualty Company et al. (La.App. 3 Cir. 1962) 138 So.2d 465, the Court held as follows:
“There is no requirement that the trial court’s denial of an application for a *322 new trial be made in writing. The refusal to grant a new trial is classified as an interlocutory order or judgment, see LSA-C.C.P., Article 1914. While final judgments must be in writing and signed, it has long been settled that there is no requirement that interlocutory judgments be signed, and that it is sufficient merely that they be entered in the minutes. State v. Gainey, 135 La. 459, 65 So. 609; see also LSA-C.C.P., Articles 1911, 1914. Since the denial of the rehearing was effective as of the minute entry to such effect, the later signing of a formal decree on September 6, 1961, therefore, did not have the effect of extending the time for taking an appeal.”
We are therefore of the opinion that the appeal was not perfected timely.
Plaintiff-appellant answered the show cause order by brief and contends that the judgment rendered and signed in this matter is contrary to Louisiana Constitution Art. VII Sec. 1 which provides: “The judges of all courts shall refer to the law and adduce the reasons on which every definitive judgment is founded.” He contends that “Since reasons for judgment on the merits were not given by the trial judge until May 27, 1969, a copy being attached hereto, it is Appellants contention that the judgment on the merits signed on November 7, 1968 was not a judgment in that it was not constitutional as required by the above quoted provision of the La.Const. until said reasons for judgment were given on May 27, 1969.”, and he cites the case of Selby v. Levee Commissioners, 14 La.Ann. 434. This case did hold that a judgment of the Lower Court is unconstitutional if it is rendered without reasons, but in the instant case oral reasons were given when the judgment was rendered on October 23, 1968. The Supreme Court of this state in the case of Beard v. Simon, 1866, 18 La.Ann. 270, held that reasons upon which a judgment is founded should, whenever it is practicable, be reduced to writing, but in this case the Court refused to reverse, on the ground that no reasons were given, when reasons were given orally. Since the reasons were given orally herein by the Lower Court on October 23, 1968 and the judgment later signed on November 7, 1968, the said judgment does comply with the constitutional provision hereinabove referred to.
Appellant further contends that the jurisprudence holds that appeals are favored in law and must be maintained wherever possible and will not be dismissed for technicalities. We do not deem the failure cited hereinabove to be a mere technicality but a failure squarely contrary to an express legislative act.
For the reasons given herein, the appeal of plaintiff-appellant is hereby dismissed.
Appeal dismissed.