246 So.2d 240 (1971)
Mrs. Mary Hill KLEINPETER, Defendant in Rule-Appellant,
v.
Henry KLEINPETER, Plaintiff in Rule-Appellee.
No. 8255.
Court of Appeal of Louisiana, First Circuit.
March 15, 1971.
*241 Joel Dickinson, Baton Rouge, for appellant.
J. Huntington Odom, of Kennon, White & Odom, Baton Rouge, for appellee.
Before LOTTINGER, SARTAIN and TUCKER, JJ.
SARTAIN, Judge.
Appellant appeals from a judgment of the Family Court for the Parish of East Baton Rouge which condemned appellee to pay to her for the maintenance and support of their minor child the sum of $25.00 per month. In addition thereto appellee was required to continue to pay the monthly mortgage payment of $106.42 on the former matrimonial domicile, the use of which was granted to appellant and the minor child.
Our review of the record dictates that we must dismiss this appeal, ex proprio motu, for the reason that the same was not timely perfected and we are without jurisdiction in this cause.
The pertinent dates are as follows: The judgment appealed from for oral reasons assigned was rendered March 23, 1970 and signed March 25, 1970. Though the record does not contain the application for a rehearing, the minute entry of April 13, 1970 reflects that a previous motion for a new trial came on for argument and for oral reasons assigned was denied. A written judgment conforming to the minute entry of April 13 was signed on April 20, 1970. Appellant's motion for an appeal was not asked for until May 20, 1970 though she had been given permission to prosecute an appeal in forma pauperis.
C.C.P. Article 3943 provides that an appeal (devolutive only) must be taken from a judgment awarding alimony within the thirty day period provided for in C.C.P. Article 3942. The thirty day period in question commenced to run on April 13, 1970 the date the trial judge denied the motion for a new trial.
Counsel for appellant undoubtedly considered that the signing of the judgment on April 20, 1970 denying a new trial commenced the tolling of the thirty day prescription as provided for in Article 3943.
Where counsel for both parties are present in court when a motion for a new trial is argued and a ruling thereon is rendered forthwith, no notice of the signing of the judgment is required. C.C.P. Article 1914.
The identical issue was raised in Simon v. Lumbermens Mutual Casualty Company, 138 So.2d 465 (3d La.App., 1962); Sidney Printing and Publishing Company v. Foshee, 205 So.2d 626 (1st La.App., 1967); and Williams v. Williams, 227 So.2d 752 (1st La.App., 1969). These cases are authority for the proposition that a judgment denying an application for a new trial is interlocutory which need not be signed to be effective where the motion itself was not taken under advisement by the trial judge so as to require notice of the signing of the judgment in compliance with C.C.P. Article 1914.
Accordingly, for the above and foregoing reasons the appeal is dismissed.
Appeal dismissed.