MORIAL, Judge
(dissenting with written reasons).
After the denial of an application for new trial by a minute entry of June 29, 1973 that recites, “ * * * the Court rendered judgment and continued this matter for preparation of judgment by Coun-self,]” (emphasis supplied) the majority *67 permits the statutory time for a suspensive appeal and the filing of the appeal bond to he extended. LSA-C.C.P. Arts. 1974 and 2123.
On May 21, 1973 the district judge signed a judgment to coincide with the date of the jury verdict and defendants filed their application for a new trial on May 25, 1973, which was heard and denied on June 29, 1973. However, the district judge signed a judgment denying the application for rehearing [new trial] on July 2, 1973. Defendants appealed suspensively on July 17, 1973, and on April 8, 1974 plaintiffs filed a motion to dismiss the appeal. This court, on April 23, 1974, noting the application for new trial which affected the delay within which to perfect a suspen-sive appeal ordered the parties to show cause, by briefs only, on or before May 2, 1974 why the suspensive appeal should not be dismissed. On April 26, 1974 the transcript previously filed in this court on April 5, 1974, was supplemented with an order of the trial court signed on April 25, 1974 amending the judgment and minutes to read that the judgment on the jury verdict was signed on May 22, 1974.
In spite of what appears somewhat irregular, I reluctantly concede that the application for new trial was timely filed. Accordingly, the issue is whether the time for perfecting defendants’ suspensive appeal began to run on June 29, 1973, the date judgment denying the application for new trial was rendered, or July 2, 1973, the date the judgment prepared by counsel for plaintiff was signed, though delivered to court on the date of rendition.
The refusal to grant a new trial is an interlocutory order or judgment. LSA-C.C. P. Article 1914; Simon v. Lumbermens Mutual Casualty Company, 138 So.2d 465 (La.App. 3rd Cir. 1962); Succession of Centanni, 151 So.2d 539 (La.App. 4th Cir. 1963). It was unnecessary for the interlocutory judgment or order to be signed and it became effective immediately upon rendition. The later signing of a formal decree after the matter was “ * * * continued * * * for preparation of judgment * * * ” is irrelevant and did not have the effect of extending the time for taking an appeal. Simon v. Lumber-mens Mutual Casualty Company, supra; Sidney Printing and Publishing Company v. Foshee, 205 So.2d 626 (La.App. 1 Cir. 1967); McDowell Well Service, Inc. v. Gray and Company, Inc., 270 So.2d 647 (La.App. 3 Cir. 1972).
Notice of the judgment was not required. The motion for new trial had not been taken under advisement; no written request for notice of rendition of judgment had been filed. Counsels for the parties were present in court when the judgment denying the application for new trial was rendered. See: LSA-C.C.P. Articles 1914, 2087 and 2123; Kleinpeter v. Kleinpeter, 246 So.2d 240 (La.App. 1 Cir. 1971).
The time period for taking a suspensive appeal commenced to run after the denial of the new trial on June 29, 1973 and expired prior to the untimely filing of the appeal bond on July 17, 1973.
For the foregoing reasons I would grant the motion to dismiss the suspensive appeal.