FORET, Judge.
ON REHEARING
This matter is before us at this time on a motion for rehearing. We previously dismissed the appeal taken by defendant-appellant, Security Timber Co., Inc., on the grounds that the appeal was not perfected timely. Since the original hearing on the motion to dismiss, additional facts have been presented to this court. We now recall our previous order dismissing the appeal and reinstate defendant’s appeal.
Plaintiffs, David Thibodeaux and Donald Perron, originally instituted suit against Western World Insurance Company and Security Timber Company, Inc. Following a trial, judgment was rendered April 26,1979, in favor of plaintiffs, and against Security Timber Company, Inc. Plaintiffs’ demands against defendant, Western World Insurance Company were rejected. Security Timber Company’s motion for new trial was orally denied on May 29, 1979. On October 5, 1979, the trial judge signed a formal judgment denying appellant’s motion for new trial. On the same day, appellant perfected a suspensive appeal from the April 26, 1979 judgment. The appellees filed a motion to dismiss the appeal on the basis that it was perfected untimely. We granted this motion to dismiss. Thereafter, appellant filed this motion for rehearing.
Appellant contends that the trial judge refused to sign its order for suspensive appeal until a formal judgment denying appellant’s motion for a new trial was presented and signed.
Following argument on appellant’s motion for new trial, the court stated,
“Okay. Gentlemen, I am going to rule on this now and I’ll deny the motion for a new trial. Prepare a judgment and send it to me.”
After the denial of its motion for new trial, appellant filed a motion for suspensive appeal. In September, 1979, appellant’s counsel received a call from Judge Cored, the presiding judge, informing counsel that he could not sign the order for suspensive appeal until a formal judgment denying ap *603 pellant’s motion for new trial was presented and signed. On October 5, 1979, a formal judgment denying appellant’s motion for new trial was signed. Thereafter, appellant immediately obtained an order for sus-pensive appeal.
We held, at the original hearing on the motion to dismiss, that appellant’s motion for suspensive appeal was perfected untimely. That finding was correct. However, the untimeliness of the appeal was not the fault of appellant. Appellant filed a motion for appeal after its motion for new trial was orally denied. The trial judge refused to sign the order for appeal until a formal judgment denying appellant’s motion for new trial was signed on October 5, 1979. Since appellant’s motion for new trial was not take under advisement, the judgment denying the motion did not have to be signed. Kleinpeter v. Kleinpeter, 246 So.2d 240 (La.App. 1st Cir. 1971).
C.C.P. art. 2161 provides, in pertinent part,
“An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any irregularity, error or defect unless it is imputable to the appellant.” (Emphasis supplied)
In the instant action, the appeal was perfected untimely because the trial judge erroneously refused to sign the appeal order until a formal judgment denying appellant’s motion for new trial had been signed. The failure of the trial court to promptly consider and sign the appellant’s motion for a suspensive appeal is not an irregularity, error or defect imputable to the appellant. Hall v. Board of Supervisors, Southern University, etc., et al., 387 So.2d 643 (La.App. 1st Cir. 1980).
For the foregoing reasons, we find that the error or defect is not and should not be imputable to the appellant and that this appeal was timely perfected. Therefore, we recall and vacate our previous judgment dismissing the appellant’s appeal, and we further hold that this court has jurisdiction to consider this appeal.

APPEAL REINSTATED.