393 So.2d 146 (1980)
Ross E. COX
v.
SOUTHERN COLONIAL INVESTMENT, INC. et al.
No. 13997.
Court of Appeal of Louisiana, First Circuit.
October 29, 1980.
Rehearing Denied January 26, 1981.
*147 Thomas K. Kirkpatrick, Baton Rouge, for appellants.
Bert K. Robinson, Baton Rouge, for appellee.
Before COVINGTON, CHIASSON and LEAR, JJ.

ON MOTION TO DISMISS THE APPEAL
COVINGTON, Judge.
Appellee, Ross E. Cox, has moved to dismiss this unlodged appeal on the grounds that no timely appeal bond was filed by the defendants, Southern Colonial Investment, Inc., Wayne D. Swenson and Claude Kirkpatrick, thus the appeal was not timely perfected.
The original suit herein (No. 169,896 on the docket of the Nineteenth Judicial District Court) was to recover rental installments under a lease of certain premises in the Interstate Shopping Center in the Parish of East Baton Rouge, Louisiana. On December 4, 1979, the trial court rendered judgment in favor of the plaintiff and against all defendants solidarily and signed the judgment, in the amount of $52,500 with interest, and subject to a credit of $6,358.32, on March 17, 1980. On March 21, 1980, the defendants moved for a new trial, which motion was set for hearing on April 18, 1980. The motion was submitted without argument and taken under advisement by the trial court. There is no written request for notice in the record.
On May 7, 1980, the trial judge sent a letter to his minute clerk, with a copy to counsel of record, that the application for new trial was denied. The minute entry, however, was made as of April 18, 1980, that the court denied the motion. A copy of the extract of the minutes was mailed to counsel of record on May 12, 1980. A signed "Judgment on Motion," denying the new trial, is dated July 22, 1980.
On June 9, 1980, the defendants filed a petition for a suspensive and/or devolutive appeal, with the order signed by the court on the same date. The appeal bond was signed by Claude Kirkpatrick and Wayne D. Swenson, as principal and surety respectively, and filed on June 13, 1980.
As stated above, the application for new trial was refused on May 7, 1980.[1] In the instant case, the defendants were not entitled to notice of the denial of their motion for a new trial because they had not filed a written request for such notice as provided in LSA-C.C.P. Art. 1914. Clark v. Clark, 351 So.2d 779 (La.App. 1 Cir. 1977); LeBlanc v. Employer's Reinsurance Company, 339 So.2d 456 (La.App. 1 Cir. 1976), writ denied, 341 So.2d 420 (La.1977); McDowell Well Service, Inc. v. Gray and Company, 270 So.2d 647 (La.App. 3 Cir. 1972).
The courts of this State have consistently held that a written request is required for notice of the refusal to grant a new trial where the motion was taken under advisement. LeBlanc v. Employer's Reinsurance Company, supra. Therefore, the thirty day delay allowed defendants-appellants in which to perfect their appeal commenced on May 8, 1980. LSA-C.C.P. Art. 2123(2). The delays for perfecting a suspensive appeal in this case expired on June 6, 1980. The order was not signed until June 9, and the appeal bond was not filed until June 13, 1980.
The timeliness of the signing of the order of appeal and the filing of the appeal bond is jurisdictional. An appellate court does not acquire jurisdiction unless the order is obtained and the bond is filed within the prescribed time.[2] LSA-C.C.P. Art. 2088. Thus, we conclude that since the defendants-appellants did not timely perfect *148 the suspensive appeal within the time allowed, this Court must dismiss the suspensive appeal of the appellants. Willie v. Otasco, 347 So.2d 1215 (La.App. 1 Cir. 1977).
Nevertheless, we must deny the appellee's motion to dismiss the unlodged devolutive appeal. When a suspensive appeal is dismissed as not being timely perfected, it will be considered as a devolutive appeal. Since appeal bonds are no longer required for devolutive appeals under LSA-C.C.P. Art. 2124, and the appellants have fulfilled all of the requirements for a devolutive appeal, we will consider this appeal as devolutive in nature and deny the motion to dismiss. Succession of Buvens, 373 So.2d 750 (La.App. 3 Cir. 1979).
For the reasons assigned, the motion to dismiss is granted insofar as it seeks dismissal of the suspensive appeal; however, we retain jurisdiction to review this matter as a devolutive appeal.
MOTION TO DISMISS SUSPENSIVE APPEAL GRANTED:
DEVOLUTIVE APPEAL MAINTAINED.
CHIASSON, J., concurs in result.
NOTES
[1] There is no requirement that an order denying a motion for a new trial be in writing, such an order being interlocutory in nature. It is sufficient that it be made as a minute entry. McDowell Well Service, Inc. v. Gray and Company, 270 So.2d 647 (La.App. 3 Cir. 1972); see also Trailwood Forest-Calcasieu, Ltd. v. Coursey. 372 So.2d 615 (La.App. 3 Cir. 1979), writ denied, 375 So.2d 958 (La. 1979).
[2] Joseph N. Traigle. Collector of Revenue, State of Louisiana, versus Gulf Coast Aluminum Corporation, et al., 391 So.2d 1290 on the docket of this Court, holds that it is the responsibility of the appellant to obtain a timely order of appeal; it is not the mere filing of an unsigned order of appeal with a deputy clerk that "perfects" the appeal.