ORDER
This record was examined and revealed that by a consent judgment on July 7,1980, the parties agreed to try the preliminary injunction matter on September 8, 1980. On September 8,1980, testimony was taken and the matter was continued to September 29, 1980. On September 29, 1980, the injunction was continued to January 29,1981.
On February 2, 1981, this court ordered that appellant, Louisiana National Bank, show cause on or before February 13, 1981, why this appeal should not be dismissed for lack of jurisdiction. The appellee was also invited to respond to appellant’s brief not later than February 20, 1981.
Appellant has complied with this order, arguing in brief that although there is no final, signed judgment in the record, this does not render the appeal premature because a preliminary injunction is governed not by LSA-C.C.P. art. 1911, which requires a final, signed judgment before an appeal can be taken, but by LSA-C.C.P. art. 3612, which grants an appeal to a final or preliminary injunction as a matter of right.
LSA-C.C.P. art. 1911 states:
“Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled.” (Emphasis ours.)
LSA-C.C.P. art. 2083 states:
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.” (Emphasis ours.)
Although, as argued by appellant, LSA-C.C.P. art. 3612 allows an appeal as a matter of right to a preliminary or final injunction, it does not change its status as an interlocutory judgment, and, therefore, does not remove it from the requirements of LSA-C.C.P. art. 1911, that there must be a signed judgment before the issue is ap-pealable.
It should be noted that Article 1911 provides “For the purpose of an appeal as provided in Article 2083 * * *.” Article 2083 is in Book III and Article 3612, upon which appellant relies, states in its last paragraph that the procedure for an appeal in injunctive matters “shall be as provided in Book III.”
*634 Even where a minute entry, as noted by appellant in the present case, reflects that the district court judge rendered judgment orally, where there is no signed judgment in the record, there is no final judgment from which appeal to a Court of Appeal can be taken, the appeal is premature, and the Court of Appeal is required ex proprio motu to dismiss the appeal. Gay v. Gay, 193 So.2d 537 (La.App.3d Cir. 1967).
IT IS THEREFORE ORDERED by this court that the appeal in the above entitled cause be and is dismissed as premature, as to plaintiff and as to all other demands, principal and incidental, each party to bear his own costs.
/s/ Lawrence R. Chehardv JUDGE
/s/ L. Julian Samuel JUDGE
/s/ Thomas J. Kliebert JUDGE