408 So.2d 380 (1981)
Larry W. BOYD
v.
FOURCHON, INC., et al.
No. 14439.
Court of Appeal of Louisiana, First Circuit.
December 22, 1981.
*381 Joseph Waitz, Houma, for plaintiff-appellant.
Francis Dugas, Thibodaux, for defendant-appellee.
Charles LeBlanc, Thibodaux, for intervenor-appellee.
Before ELLIS, LOTTINGER and PONDER, JJ.
ELLIS, Judge:
We pretermit discussion of the merits of this case because, the court, sua sponte, must dismiss the appeal herein as untimely.
Final judgment dismissing plaintiff's case as to Fourchon, Inc. was signed on October 22, 1980. New trial was timely applied for by plaintiff, which was denied on November 10, 1980. The denial, with all counsel present, is reflected by a minute entry of that date. Neither plaintiff nor Fourchon had requested notice of the rendition of the judgment.
On December 23, 1980, a judgment denying the new trial was signed and notice thereof sent on the same day. Plaintiff's motion for appeal was signed on January 14, 1981.
The following provisions of the Code of Civil Procedure are applicable:
"Art. 2087. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
"(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
"(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
"(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
"When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in the first Paragraph of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later."
"Art. 1914. When a case has been taken under advisement by the court for the purpose of deciding whether an interlocutory order or judgment should be rendered, the clerk shall make an entry in the minutes of the court of any such interlocutory order or judgment rendered thereafter.
"If a written request for notice of the rendition of the interlocutory order or judgment in such a case has been filed, the clerk shall mail notice thereof to the party requesting it; and the latter shall have ten days from the date of the mailing of the notice to take any action or file any pleadings he deems necessary, except as provided in the next paragraph.
"If the interlocutory order or judgment is one refusing to grant a new trial, the delay for appealing commences to run only from the date of the mailing of such notice, as provided in Articles 2087 and 2123.
"The provisions of this article do not apply to an interlocutory injunctive order or judgment."
*382 Under the above provisions, the judgment denying a new trial need not be written or signed. A minute entry is sufficient. No party is entitled to a notice of the judgment unless he has requested it. Cox v. Southern Colonial Inv., Inc., 393 So.2d 146 (La.App. 1st Cir. 1980). The signing of the judgment on December 23, 1980, was therefore superfluous, and the appellate delays began to run on November 11, 1980, the day after the new trial was denied in open court.
Under Article 2087, plaintiff had 60 days to take his appeal. Counting from November 11, 1980, the sixtieth day was January 9, 1981. Plaintiff's motion for appeal, which was filed and granted on January 14, 1981, was therefore too late, and this court is without jurisdiction to entertain the appeal.
The appeal herein is therefore dismissed, at plaintiff's cost.
APPEAL DISMISSED.