429 So.2d 209 (1983)
Meriam JACOBY
v.
STATE of Louisiana, et al.
No. 82 CA 0814.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
Rehearing Denied April 19, 1983.
Bernard S. Smith, Covington, for plaintiff, appellee.
William Decker, Mandeville, for intervenors, appellees Elma Y. Reppond, Dorothy Frosch Wren Byrd, Eva M. Frosch & Michael Frosch.
Thomas H. Matuschka, Baton Rouge, for defendant, appellant State of La.
Before EDWARDS, WATKINS, and SHORTESS, JJ.
SHORTESS, Judge.
Meriam Jacoby brought suit against defendants, The State of Louisiana through the Department of Health and Human Resources and David Nealy, for personal injuries allegedly sustained when she was assaulted by Nealy, an escapee from Southeast Louisiana Hospital, where he had been confined for observation and treatment of a mental condition. She died about one month after suit was filed. Thereafter, eleven heirs (set A) filed a petition of intervention and were substituted as parties plaintiff. Subsequently, four other alleged heirs (set B) filed a petition of intervention.
After a trial on the merits, the following dates are pertinent:
1. May 11, 1982: judgment signed in favor of set A against defendants in solido. No recovery was granted to set B.
2. May 12, 1982: notice of judgment mailed.
3. May 18, 1982: motion for new trial filed by set B.
4. June 1, 1982: motion for suspensive appeal filed by defendant State and order of appeal signed accordingly. Original return date was set for August 1 and later extended to October 10, 1982.
5. June 11, 1982: notice of appeal mailed.
6. August 2, 1982: hearing held on set B's motion for new trial. Counsel for movers were present, as well as counsel for respondent. The trial court stated its reasons for not granting a new trial. The minute entry shows that judgment of denial was rendered in open court immediately following the hearing.
7. August 31, 1982: judgment signed denying the motion for new trial.

*210 8. September 1, 1982: notice of judgment of denial of new trial mailed.
9. October 6, 1982: record on State's appeal lodged with this court.
10. October 12, 1982: answer to appeal filed with this court by set A, requesting an increase in quantum and a finding in their favor for the wrongful death of original plaintiff.
11. October 25, 1982: motion for appeal filed by set B and order signed accordingly.
Set A filed a motion to dismiss the appeal of set B on the ground that it was not timely perfected. The August 2, 1982, minute entry reflects that the motion for new trial filed by set B was denied in open court on that date. Since the matter was not taken under advisement and there had been no request for notice of judgment, the sixty-day appeal delay began on August 3, 1982 and expired before set B filed their motion for appeal on October 25, 1982.
There is no requirement, under these facts, that the order denying the motion for new trial be in writing. Said order was interlocutory in nature, so a minute entry noting the denial was sufficient. Cox v. Southern Colonial Inv., Inc., 393 So.2d 146 (La.App. 1st Cir.1980). The written judgment of dismissal dated August 31, 1982, was superfluous and unnecessary. It did not have the effect of extending the time for taking a devolutive appeal, because the delays began to run on August 3, 1983, as the August 2 minute entry reflected the court's action. Clark v. Board of Trustees of Clerks of Ct. R. & R.F., 292 So.2d 874 (La.App. 1st Cir.1974), writ denied, 294 So.2d 836 (La.1974).
The motion to dismiss is granted, and the appeal of Elma Y. Reppond, Michael Frosch, Dorothy Frosch Byrd, and Eva Frosch Brewster is dismissed at their costs.
APPEAL DISMISSED.