545 So.2d 1300 (1989)
PETROLEUM TREATERS, INC.
v.
HOUMA LAND & OFFSHORE COMPANY, George Platt, Walter O. Bankston and Rudolph Carlos.
No. 88 CM 1591.
Court of Appeal of Louisiana, First Circuit.
June 20, 1989.
Charles E. Lugenbuhl & Stefan Kazmierski, New Orleans, for plaintiff.
Gerald C. deLaunay, Lafayette, for defendant.
Before CARTER, LANIER and LeBLANC, JJ.
CARTER, Judge.
Defendants-appellees have filed this motion to dismiss contending plaintiff-appellant's appeal of the denial of a preliminary injunction was untimely.
Petroleum Treaters, Inc. filed a petition for preliminary and permanent injunctions, naming as defendants Houma Land & Offshore Company, et al. A hearing was held on August 1 and 2, 1988. At the close of the hearing on August 2, 1988, the trial court rendered an oral judgment denying the motion for preliminary injunction.[1] A written judgment was signed on August 10, 1988. Thereafter, on August 25, 1988, plaintiff filed its motion and order for appeal. Defendants filed this motion to dismiss contending that the appeal is untimely.
The only issue presented is whether the appeal delays run from the date of the oral order or from the date of the written judgment.
Defendants contend that the appeal is untimely because the fifteen day delay for appeal of a preliminary injunction runs from the date that the oral order was rendered and not the date that the written judgment was signed.
Defendants cite several cases which hold that an interlocutory judgment need not be in writing and that a minute entry is sufficient. See Taylor v. Hubbard, 510 So.2d 385 (La.App. 1st Cir.1987); Jacoby v. State, 429 So.2d 209 (La.App. 1st Cir.1983), writ denied, 441 So.2d 771 (La.1983); Cox v. Southern Colonial Investment, Inc., 393 So.2d 146 (La.App. 1st Cir.1980); Prejean v. Ortego, 262 So.2d 402 (La.App. 3rd Cir. 1972); Simon v. Lumbermens Mutual *1301 Casualty Company, 138 So.2d 465 (La. App. 3rd Cir.1962).
Plaintiff contends its appeal is timely arguing that the fifteen day delay does not begin to run until the written judgment is signed. Plaintiff argues that, even though a preliminary injunction is classified as interlocutory, the judgment must nevertheless be reduced to writing and signed before the delays for appeal commence. In support of its contention, plaintiff cites Louisiana National Bank v. Hebert, 398 So.2d 632 (La.App. 4th Cir.1981) wherein our Brethren of the Fourth Circuit specifically held that an appeal of a preliminary injunction was premature because there was no signed judgment.
LSA-C.C.P. art. 1911 provides:
Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled.
LSA-C.C.P. art. 2083 provides:
An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may cause irreparable injury, and from a judgment reformed in accordance with a remittitur or additur under Article 1814.
LSA-C.C.P. art. 3612 provides:
There shall be no appeal from an order relating to a temporary restraining order.
An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders.
An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.
Except as provided in this article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III.
Overmier v. Traylor, 458 So.2d 499 (La. App. 1st Cir.1984), reversed by the Louisiana Supreme Court at 475 So.2d 1094 (La. 1985), addressed the issue of whether reasons for judgment could serve in place of formal judgment granting a preliminary injunction. The First Circuit Court of Appeal dismissed the appeal holding that the record did not contain any document which would fit the form required by LSA-C.C.P. art. 1911 for a final judgment, that a final judgment had not been signed, and, therefore, that the appeal was dismissed as premature. In reversing this court, the Louisiana Supreme Court stated:
In dismissing the appeal, the court of appeal reasoned that no appeal can be taken from reasons for judgment and that no final judgment had been signed when the order of appeal was granted. The court based its decision on its interpretation of La.C.C.P. Art. 1911....
The appellate court's interpretation of the codal article resulted in the dismissal of an otherwise valid appeal at a time when it was too late for appellants to file another motion for suspensive appeal. The correct interpretation of Article 1911 is that an appeal granted before the signing of a final judgment is subject to dismissal until the final judgment is signed.1 However, once the final judgment has been signed, any previously existing defect has been cured, and there is no useful purpose in dismissing the otherwise valid appeal.
This court has consistently recognized that appeals are favored in law. Traigle v. Gulf Coast Aluminum Corp., 399 So.2d 183 (La.1981). Moreover, the Code of Civil Procedure mandates that "(t)he articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves." La.C.C.P. Art. 5051. The court of appeal, contrary to this mandate, *1302 construed Article 1911 very narrowly and deprived appellant of an otherwise valid appeal, without stating any purpose in substantive law for treating a procedural rule as an end in itself. Such an interpretation represents a preference for form over substance.
1 When a "premature" appeal is dismissed before the judgment is signed, the appellant still has the opportunity to perfect an appeal once the judgment has been signed.
[475 So.2d 1094-1095]
From the above, it is inescapable that the appeal delays do not commence to run on a judgment granting or denying a preliminary injunction until the judgment is signed. Overmier v. Traylor, supra; Louisiana National Bank v. Hebert, supra. This is so, regardless of whether the same or a different rule may apply to another type of interlocutory judgment, namely a judgment denying a motion for new trial. Jacoby v. State, supra; Boyd v. Fourchon, Inc., 408 So.2d 380 (La.App. 1st Cir.1981); Cox v. Southern Colonial Investment, Inc., supra; Kleinpeter v. Kleinpeter, 246 So.2d 240 (La.App. 1st Cir.1971).
Additionally, we note that LSA-C.C.P. art. 3612 expressly provides that an appeal from a preliminary injunction "must be taken and a bond furnished within fifteen days from the date of the order or judgment." This clearly gives the appellant fifteen days from either the order or the judgment. This is even more apparent when it is clearly contemplated by all parties and the court that a formal written judgment is to be prepared and presented to the court for reading and signing.
Further, in each of the hereinafter cited cases dealing with the timeliness of an appeal from a denial or grant of a preliminary injunction, a judgment or order had been signed. First Guaranty Bank v. Perilloux, 498 So.2d 239 (La.App. 1st Cir. 1986); Zulu v. Washington, 487 So.2d 1248 (La.App. 1st Cir.1986); Werner Enterprises, Inc. v. Westend Development Company, 477 So.2d 829 (La.App. 5th Cir.1985).
In both First Guaranty Bank v. Perilloux, supra, and Zulu v. Washington, supra, this court expressly stated "[t]he fifteen day delay begins to run from the date of judgment, not the mailing of the notice of judgment." It would be illogical and inconsistent to ignore the spirit of Overmier v. Traylor, supra, and to now hold that the fifteen day delay really does not run from the date of judgment, but really commences to run from the date an oral order is issued.
For the above reasons, the motion to dismiss the appeal is denied at defendant-appellee's cost.
MOTION TO DISMISS APPEAL DENIED.
LANIER, J., dissents and assigns reasons.
LANIER, Judge, dissenting.
I respectfully dissent from the majority holding that the fifteen day delay for appealing a judgment granting or denying a preliminary injunction does not commence to run until a trial court signs a written judgment.
La.C.C.P. art. 1841 provides as follows:
A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment. [Emphasis added.]
A judgment granting or denying a preliminary injunction is an interlocutory judgment because it does not determine the merits of the case. Giron v. Housing Authority of City of Opelousas, 393 So.2d 1267 (La.1981); Smith v. West Virginia Oil & Gas Co., 373 So.2d 488 (La.1979); Ciolino v. Castiglia, 446 So.2d 1366 (La. App. 1st Cir.1984). See also Official Revision Comment (b) for La.C.C.P. art. 2087.
The rendition, content and form of judgments are provided for in Chapter 3, La.C. *1303 C.P. arts. 1911-1921, of Title VI (Judgments) of Book II (Ordinary Proceedings) of the Louisiana Code of Civil Procedure.[1] A final judgment must be written, signed and identified by appropriate language. La.C.C.P. arts. 1911, 1912 and 1918. There are no similar requirements in La.C.C.P. art. 1911 et seq. for interlocutory judgments. It must be reasoned by implication that interlocutory judgments need not be written or signed. Thus, it uniformly has been held in this court that an interlocutory judgment need not be in writing, a minute entry reflecting it is sufficient, and a delay for taking an appeal commences to run when the interlocutory judgment is orally rendered. Jacoby v. State, 429 So.2d 209 (La.App. 1st Cir.1983); Boyd v. Fourchon, Inc., 408 So.2d 380 (La.App. 1st Cir.1981); Cox v. Southern Colonial Investment, Inc., 393 So.2d 146 (La.App. 1st Cir.1980); Kleinpeter v. Kleinpeter, 246 So.2d 240 (La.App. 1st Cir.1971); Caston v. Argonaut Insurance Company, 244 So.2d 320 (La.App. 1st Cir.1970); Williams v. Williams, 227 So.2d 752 (La.App. 1st Cir. 1969); Sidney Printing and Publishing Company v. Foshee, 205 So.2d 626 (La. App. 1st Cir.1967). A subsequent written judgment is superfluous and unnecessary. Jacoby, 429 So.2d at 210; Boyd, 408 So.2d at 382; Williams, 227 So.2d at 753-754. The only statutory exception to this rule is found in La.C.C.P. art. 1914, which provides as follows:
Art. 1914. Interlocutory order or judgment when case under advisement; notice; delay for further action when notice required
A. When a case has been taken under advisement by the court for the purpose of deciding whether an interlocutory order or judgment should be rendered, the clerk shall make an entry in the minutes of the court of any such interlocutory order of [sic] judgment rendered thereafter.
B. The clerk shall mail notice of the rendition of the interlocutory order or judgment to the counsel of record for each party and to each party not represented by counsel; and each party shall have ten days from the date of the mailing of the notice to take any action or file any pleadings as he deems necessary, except as provided in the next Paragraph.
C. If the interlocutory order or judgment is one refusing to grant a new trial, the delay for appealing commences to run only from the date of the mailing of the notice, as provided in Articles 2087 and 2123.
D. The provisions of this Article do not apply to an interlocutory injunctive order or judgment. [Emphasis added.]
Thus, when a trial court orally renders an interlocutory judgment from the bench in open court at the conclusion of the pertinent hearing or trial, no notice of judgment is necessary because the parties are in court and are aware of the judgment. However, pursuant to Article 1914, if the trial court takes the interlocutory matter under advisement, the clerk of court must make a minute entry of the subsequent interlocutory judgment and must issue notice of judgment to trigger the running of an appeal delay. But, Article 1914(D) specifically provides that this notice provision is not applicable to interlocutory injunctive judgments. The majority opinion has fallen into error by failing to consider this law.
La.C.C.P. art. 3612 provides that an interlocutory judgment (or order) granting or denying a preliminary injunction is appealable and states as follows:
Except as provided in this article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III. [Emphasis added.] *1304 Official Revision Comment (c) for La.C.C.P. art. 3612 provides as follows:
(c) Under the last paragraph of this article, except where specific portions differ from the general procedure for appeals, the general rules are applicable.
The procedure for appealing judgments is found in Chapter 2 (Procedure for Appealing), La.C.C.P. arts. 2121-2133, of Title I (Appellate Procedure) of Book III (Proceedings in Appellate Courts) of the Louisiana Code of Civil Procedure.[2] A review of La.C.C.P. arts. 2121-2133 shows that they do not purport to control or affect the rendition, signing or content of judgments; those matters are provided for in La.C.C.P. arts. 1911-1921. The delay for taking a devolutive appeal is provided for in La.C. C.P. art. 2087(A) as follows:

Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914. [Emphasis added.]
The delay for taking a suspensive appeal is provided for in La.C.C.P. art. 2123(A) as follows:

Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914. [Emphasis added.]
La.C.C.P. art. 3612 provides special provisions for appealing judgments (or orders) granting or denying preliminary injunctions as follows:
An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders.

An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided. [Emphasis added.]
A review of La.C.C.P. arts. 2087, 2123 and 3612 shows that they do not purport to control or affect the rendition, signing or content of judgments; those matters are provided for in La.C.C.P. arts. 1911-1921.
La.C.C.P. art. 3612 specifically provides that an "appeal from an order or judgment relating to a preliminary injunction must be taken ... within fifteen days from the date of the order or judgment." The interlocutory judgment of the trial court which denied the preliminary injunction was orally rendered from the bench in open court on August 2, 1988. Pursuant to La.C.C.P. arts. 1911-1921 and the jurisprudence of this circuit interpreting them, this judgment was not required to be in writing. The fifteen day delay for taking the appeal *1305 provided for in La.C.C.P. art. 3612 commenced to run on August 3, 1988, and the motion and order for appeal filed on August 25, 1988, was not timely. The written judgment filed on August 10, 1988, was superfluous and unnecessary, and did not affect the running of the delay for taking the appeal. Jacoby, 429 So.2d at 210; Boyd, 408 So.2d at 382; Caston, 244 So.2d at 321; Williams, 227 So.2d at 753; Foshee, 205 So.2d at 628. The motion to dismiss the appeal should be granted.
The majority relies on Overmier v. Traylor, 458 So.2d 499 (La.App. 1st Cir.1984), reversed, 475 So.2d 1094 (La.1985) and Louisiana National Bank v. Hebert, 398 So.2d 632 (La.App. 4th Cir.1981). In Overmier, the plaintiffs sought preliminary and permanent injunctions to halt violations of subdivision restrictions. The pertinent dates in Overmier are set forth in 475 So.2d at 1094, as follows:
March 2, 1984Trial court conducted a hearing on the rule for preliminary injunction.
May 14, 1984Trial court issued an "Opinion", which stated that "(t)he Court will sign a judgment consistent with this opinion when presented by the parties".
June 1, 1984Trial court granted defendants' motion for a suspensive appeal.
July 17, 1984Trial court signed the judgment granting a preliminary injunction.
September 18, 1984Court of appeal dismissed appeal as premature. 458 So.2d 499. [Emphasis added.]
The parties did not contest whether the judgment granting the preliminary injunction was interlocutory or final, whether the appeal filed on June 1, 1984, was timely,[3] or whether a judgment granting an interlocutory judgment had to be in writing; the only issue decided in this court and the Louisiana Supreme Court was whether or not the appeal was premature. This court in Overmier, 458 So.2d at 501 ruled the "opinion" handed down on May 14, 1984, was a reasons for judgment (and not a judgment) and the appeal was premature with the following rationale:
Reasons for judgment cannot serve as a final judgment from which an appeal can be taken. La.C.C.P. art. 1918; .... When this appeal was taken, the record did not contain any document which would fit the form required by La.C.C.P. art. 1918 for a final judgment. This court has strictly construed La.C.C.P. art. 1911 and has dismissed appeals perfected prior to the signing of a judgment....
Therefore, this appeal was prematurely taken by appellants and must be dismissed, at their costs.
[Citations omitted.]
[Footnotes omitted.]
This court cited as authority La.C.C.P. arts. 1911 and 1918. La.C.C.P. art. 1911 provides as follows:
Art. 1911. Final judgment; signing; appeals
Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled. [Emphasis added.]
La.C.C.P. art. 1918 provides as follows:
Art. 1918. Form of final judgment
A final judgment shall be identified as such by appropriate language. When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment. [Emphasis added.]
These code articles are only applicable to final judgments; they are not applicable to interlocutory judgments. From this, it must be deduced that this court decided the case on the assumption that a judgment granting a preliminary injunction was a *1306 final judgment. It is not. Giron, 393 So.2d at 1272; Smith, 373 So.2d at 494. For that reason, this court did not rule on whether or not an interlocutory judgment granting a preliminary injunction had to be in writing. That issue was not pertinent to the case because the motion and order for appeal was entered before the judgment (whether interlocutory or final) was entered, and, in this procedural posture, this court said the appeal was premature.
The Louisiana Supreme Court in Overmier, 475 So.2d at 1094, reversed this court and reinstated the appeal with the following rationale:
The appellate court's interpretation of the codal article resulted in the dismissal of an otherwise valid appeal at a time when it was too late for appellants to file another motion for suspensive appeal. The correct interpretation of Article 1911 is that an appeal granted before the signing of a final judgment is subject to dismissal until the final judgment is signed.[1] However, once the final judgment has been signed, any previously existing defect has been cured, and there is no useful purpose in dismissing the otherwise valid appeal.
1. When a "premature" appeal is dismissed before the judgment is signed, the appellant still has the opportunity to perfect an appeal once the judgment has been signed.
Thus, the ultimate holding of Overmier is that the judgment entered on July 17, 1984, cured the defect in the appeal taken on June 1, 1984. Although the Louisiana Supreme Court quantified the judgment granting the preliminary injunction as a final judgment (which would have to be in writing,) this quantification was not reached through the adversary process, and it is in conflict with the specific holdings in Giron and Smith. Overmier does not hold that an interlocutory judgment has to be in writing. The majority's reliance on Overmier is not well founded.
In Louisiana National Bank v. Hebert, the trial court orally rendered a judgment on a request for a preliminary injunction.[4] This judgment was appealed, and the Fourth Circuit ex proprio motu questioned the validity of the appeal because there was no signed judgment in the record, and the appeal was premature. The court gave the following rationale in Hebert, 398 So.2d at 633-634 for dismissing the appeal:
Although, as argued by appellant, LSA-C.C.P. art. 3612 allows an appeal as a matter of right to a preliminary or final injunction, it does not change its status as an interlocutory judgment, and, therefore, does not remove it from the requirements of LSA-C.C.P. art. 1911, that there must be a signed judgment before the issue is appealable.
It should be noted that Article 1911 provides "For the purpose of an appeal as provided in Article 2083 * * *." Article 2083 is in Book III and Article 3612, upon which appellant relies, states in its last paragraph that the procedure for an appeal in injunctive matters "shall be as provided in Book III."
Even where a minute entry, as noted by appellant in the present case, reflects that the district court judge rendered judgment orally, where there is no signed judgment in the record, there is no final judgment from which appeal to a Court of Appeal can be taken, the appeal is premature, and the Court of Appeal is required ex proprio motu to dismiss the appeal.
As previously noted, La.C.C.P. art. 1911 does not apply to interlocutory judgments, and a judgment granting or denying a preliminary injunction is interlocutory. Hebert fell into error by applying Article 1911 to an interlocutory judgment. La.C.C.P. art. 2083 defines appealable judgments as (1) final judgments and (2) interlocutory judgments which may cause irreparable injury.[5] A judgment denying a preliminary injunction is not a final judgment or an interlocutory judgment which may cause *1307 irreparable injury.[6] Thus, Article 2083 does not apply to this case. This case is controlled by La.C.C.P. art. 3612. The court in Hebert, and the majority in this case, have erroneously applied Articles 1911 and 2083 to an appeal from an interlocutory judgment granting or denying a preliminary injunction.
For the above reasons, I respectfully dissent.
NOTES
[1] The minute entry provides, in pertinent part, as follows:

Further the Court ordered that the application for preliminary injunction by Petroleum Treaters, Inc. be, and is hereby denied, except that an injunction is to issue to Mr. Phillip Whitney enjoining him from the use of documents and information retained by him for the use of Houma Land & Offshore Company or any third party. Houma Land & Offshore is to obtain said information and file same with the Clerk of Court's Office. Said documents are to be sealed by the Clerk's office for safe keeping.
The formal written judgment is to be prepared by Mr. deLaunay and presented to the Court for reading and signing. (Emphasis added)
[1] La.C.C.P. arts. 1911, 1912, 1913 and 1918 specifically pertain to final judgments. La.C.C.P. art. 1914 specifically pertains to interlocutory judgments. La.C.C.P. art. 1915 pertains to partial judgments, art. 1916 to judgments in jury cases, art. 1917 to reasons for judgment, art. 1919 to judgments affecting immovable property and arts. 1920 and 1921 to costs and interest in judgments.
[2] The types of judgments that are appealable are set forth in La.C.C.P. art. 2083, which is located in Chapter 1 (General Dispositions) of Title I of Book III of the Louisiana Code of Civil Procedure. Article 2083 does not provide for an appeal of a judgment granting or denying a preliminary injunction; that authority is provided by specific rule in La.C.C.P. art. 3612.
[3] This court in Overmier held that the "opinion" rendered on May 14, 1984, was a reasons for judgment and not a judgment. Thus, the appeal delay had not begun to run when the motion and order for appeal was filed because no judgment had been entered. The motion and order for an appeal could not be untimely; it could only be premature. Further, the only judgment in the record was in writing. Thus, it made no difference whether it was final or interlocutory. In the instant case, there is an oral judgment and a written judgment.
[4] The opinion does not say which party requested the preliminary injunction or whether it was granted or denied.
[5] Remittitur and additur have been repealed by Acts 1988, No. 452.
[6] Irreparable injury has not been proven in this case.