CARTER, Judge.
Plaintiff-appellees have filed this motion to dismiss contending that defendant-appellant’s appeal of the granting of a preliminary injunction was untimely.
Albuquerque Federal Savings & Loan Association filed a suit on a promissory note against Gene Paul and Tammy Sue Seneca and obtained a judgment in the amount of $18,850.00 plus interest and attorney's fees. Thereafter, Albuquerque instituted garnishment proceedings against the Senecas.
Subsequently, the Senecas filed a petition for nullity of the judgment rendered against them based on fraud and ill practices. In addition, the Senecas prayed for an injunction against the garnishment, contending they would suffer irreparable injury in that the resulting decrease in income wages would cause them to be unable to pay certain debts and monthly bills, thus wrongfully and irrevocably ruining their credit records for the foreseeable future.
Pursuant to the Senecas’ request, the trial court signed an order granting a TRO, restraining Albuquerque from taking further action in collection of its judgment against the Senecas or their property or wages. On November 22, 1988, the motion for preliminary injunction was heard. At the close of the hearing, the trial court rendered an oral judgment, granting the Senecas’ motion for a preliminary injunction. In so ruling the court stated:
In that case the Court will ... simply order a preliminary injunction to issue against the garnishment in the same form as the temporary restraining order issued earlier in this matter.
The minute entry, dated November 22, 1988, provides in part:
Whereupon the court ordered the preliminary injunction issued enjoining, restraining and prohibiting the defendant from taking any steps to enforce or collect its judgment against the plaintiff.
The minute entry, dated December 20, 1988, provides as follows:
Judgment rendered herein ordering that plaintiffs’ Rule for Preliminary Injunction be made absolute, and according, that a preliminiary (sic) writ of injunction issue herein, enjoining, restraining and prohibiting Albuquerque Federal Savings and Loan Association, its agents, employees and assigns from seizing any property of plaintiffs, garnishing any wages or other income to enforce or collect the amount owed Albuquerque Federal Savings and Loan Association by plaintiffs under the Judgment of this Court ren *1308 dered on May 3,1988, and signed on May 10, 1988, in the matter entitled “Albuquerque Federal Savings And Loan Association Vs. Gene Paul Seneca and Tammy Due Seneca” bearing suit number 35,654, 18th Judicial District Court, Iberville Parish, State of Louisiana. IT IS FURTHER ORDERED that the preliminary writ of injunction issued herein enjoins, restrains and prohibits Star Telephone Company, Inc. from complying with the garnishment seizure perfected on Plaintiff’s, Gene Paul Seneca’s wages and or withholding any portion of said Plaintiff’s wages pursuant to any such employees, and assigns. IT IS FURTHER ORDERED that the preliminary injunction issued herein perfected on Plaintiff’s Tammy Due Seneca’s wages and/or withholding any portion of said Plaintiff’s wages pursuant to any such garnishment filed by or on behalf of Albuquerque Federal Savings and Loan Association, its agents, employees and assigns.
On December 20, 1988, a formal judgment was signed by the trial court granting the Senecas’ motion for preliminary injunction. The signed judgment enjoined Albuquerque from seizing any property of the Senecas, garnishing any wages or income of the Senecas, or using any other means to enforce or collect the amount owed to Albuquerque. In addition, Star Telephone Company, Inc. (Gene’s employer) and Neuromedical Center (Tammy’s employer) were enjoined from complying with any garnishment proceeding filed by Albuquerque. The judgment was approved as to form by counsel for both parties. From the above, it is clear that all parties and the court contemplated that a formal judgment would be signed and would follow the oral issuance of the preliminary injunction.
Albuquerque filed a motion for devolu-tive appeal on December 23, 1988. The order granting a devolutive appeal was signed by the trial court on January 3, 1989.
The Senecas filed the instant motion to dismiss, contending that the appeal delays should run from the date of the oral judgment on November 22, 1988, and not from the written judgment on December 20, 1988. The only issue presented is whether the appeal delays run from the date of the oral order or from the date of the written judgment.
The issue presented in this motion is identical to the issue presented in Petroleum Treaters, Inc. v. Houma Land & Offshore Company, et al, 545 So.2d 1300 (La.App. 1st Cir.1989). For the reasons set forth in Petroleum Treaters, Inc., supra, the motion to dismiss the appeal is denied at plaintiff-appellee’s costs.
MOTION DENIED.
LANIER, J., dissents and assigns reasons.