PAULETTE COOPER

VERSUS

CITY OF KENNER

NO. 19-CA-383

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE CITY OF KENNER CIVIL SERVICE BOARD
PARISH OF JEFFERSON, CITY OF KENNER, STATE OF LOUISIANA
NO. 18-1, DAVID RICHARDSON, CHAIRMAN PRESIDING


April 28, 2020


**FREDERICKA HOMBERG WICKER**
**JUDGE**


Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Stephen J. Windhorst


<u>**APPEAL DISMISSED; REMANDED**</u>
 **FHW**
 **SMC**
 **SJW**

COUNSEL FOR PLAINTIFF/APPELLEE,
PAULETTE COOPER
    Clement P. Donelon

COUNSEL FOR DEFENDANT/APPELLANT,
CITY OF KENNER
    C. A. Fleming, III

**WICKER, J.**

Defendant, the City of Kenner, appeals from a ruling of the City of Kenner Civil Service Board (the Board), granting summary judgment in favor of plaintiff, Paulette Cooper. For the following reasons, we dismiss Kenner's appeal without prejudice and remand this matter, as the ruling sought to be appealed is not a final judgment in this matter.

## PROCEDURAL HISTORY

On December 6, 2017, Ms. Cooper was terminated from her employment with the City of Kenner Mayor's Court. On January 5, 2018, Ms. Cooper instituted this action by filing a Petition for Appeal to the City of Kenner Civil Service Board (the Board), requesting that the Board hear her appeal and

> revoke my termination, reinstate me back to my position as Court Manager at my rate of pay (as of 12/6/17), reinstate my tenured service without penalty and all back pay which may be owed to me. I also would request to be compensated for any and all COBRA costs; expenses and/or co-pays. And that this matter be redacted from my permanent file as it was never brought forth.

Ms. Cooper apparently filed a motion for summary judgment as the record contains a memorandum in support of a motion for summary judgment dated May 8, 2018 and a supplemental memorandum in support of a motion for summary judgment filed on June 1, 2018.

The City filed a motion to dismiss Ms. Cooper's petition for appeal and also a motion for summary judgment on June 4, 2018.

Also on June 4, 2018, the Board rendered judgment on Ms. Cooper's motion as follows:

> Accordingly, it is ordered that the Motion for Summary Judgement be, and same is hereby, GRANTED. Disciplinary action against the Appellant is overturned and seniority and backpay (sic) awarded. Per Civil Service Rule II, Section 2.09(8), in cases in which back pay is awarded, the appellant shall be required to file with the Finance Director a notarized statement of all monies earned by appellant during the period of absence from the City payroll, and such earnings shall be deducted in computing the amount of the back pay award.

There is no written judgment pertaining to the City of Kenner's motion for summary judgment.

On June 15, 2018, the City filed an Application for Reconsideration or Rehearing and Motion for Stay, contending that Ms. Cooper's motion for summary judgment should not have been granted. The Civil Service Board denied the Application on January 10, 2019.

On February 8, 2019, the City filed an appellate brief with the City's Civil Service Department. The City filed the identical brief in this court. There is no motion for appeal, grant, or setting of return date in the record. Nevertheless, the record was prepared and lodged in this Court on August 8, 2019.[1]

However, we dismiss this appeal and remand the matter, because the judgment at issue is not final for purposes of immediate appeal and therefore is not a final, appealable judgment.

Our review of the record in this matter reveals the following issues. First, the Civil Service Board did not address and determine all of Ms. Cooper's claims. In this regard we could deem these claims are denied. When a judgment is silent as to a claim or demand that was litigated, it is presumed to be deemed denied by the trial court. *Cambre v. St. John the Baptist Parish*, 12-590 (La. App. 5 Cir. 05/16/13), 119 So.3d 73, 81, *writ denied*, 13-1415 (La. 10/11/13), 123 So.3d 1227. However, because there is no transcript, we cannot determine whether her additional claims were litigated or waived for failure to present evidence to support them, or whether the Board even considered them. In brief to this court, the City contends that the Board did not consider its motion for summary judgment.

---

[1] On September 3, 2019, Ms. Cooper filed a motion to dismiss appeal in this court, arguing that this Court does not have jurisdiction to hear an appeal from a decision of the Kenner Civil Service Board. In a *per curium* opinion issued by this court on October 30, 2019, Ms. Cooper's motion to dismiss was denied.

In addition, the Board did not issue a ruling on the City's motion to dismiss or cross motion for summary judgment, and therefore the judgment in favor of Ms. Cooper is not final for purposes of immediate appeal. La. C.C.P. art. 1915(B).[2]

Both parties treat the granting of Mrs. Cooper's motion for summary judgment as a ruling denying the City's Motion. The City, in its appellate brief, states that its motion was orally denied, without consideration, at the summary judgment hearing. An oral ruling is not appealable. "[W]here there is no signed judgment in the record, there is no final judgment from which appeal to a Court of Appeal can be taken, the appeal is premature, and the Court of Appeal is required *ex proprio motu* to dismiss the appeal. *Louisiana Nat. Bank v. Hebert*, 398 So. 2d 632, 634 (La. App. 4 Cir. 1981).

This court may not determine the merits of an appeal unless our jurisdiction is properly invoked by a final judgment. *Tomlinson v. Landmark Am. Ins. Co*., 15-0276, p. 2 (La. App. 4 Cir. 3/23/16), 192 So.3d 153, 156.

The judgment in this case does not dismiss any party from the suit and does not decide all of the claims, demands, issues, or theories in the original action and reconventional demand. Therefore, it is a partial summary judgment which cannot be appealed unless it has been designated as a final judgment by the trial court after an express determination that there is no just reason for delay. There is no such determination in the judgment on appeal in this case.

There has been no certification of the partial judgment as final pursuant to La. C.C.P. art. 1915, and therefore, we have no appellate jurisdiction to review it.

---

[2] La. C.C.P. art. 1915(B) provides:

(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

In addition, because there is no transcript of the proceedings below, we are unable to review some of the assignments of error raised by appellant, the City of Kenner. Accordingly, we dismiss this appeal without prejudice, and remand this matter for further proceedings. All costs of this appeal are assessed against the City of Kenner.

**APPEAL DISMISSED; REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **APRIL 28, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**19-CA-383**

**E-NOTIFIED**
CITY OF KENNER CIVIL SERVICE BOARD (CLERK)
CLEMENT P. DONELON (APPELLEE)          C. A. FLEMING, III (APPELLANT)

**MAILED**
DAVID RICHARDSON                TODD MCDOWELL